**Walter Enrique MARTINEZ–
LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 04–76528.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Walter Enrique Martinez-Lopez, Compton, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Robbin K. Blaya, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Walter Enrique Martinez–Lopez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigra-

tion Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the IJ's conclusion that Martinez–Lopez did not establish past persecution or a well-founded fear of future persecution. The single incident in which Martinez–Lopez and the other members of his church were threatened by guerillas was at most an attempt at recruitment, and does not constitute persecution. *See id.* at 482, 112 S.Ct. 812. Moreover, Martinez–Lopez remained in El Salvador for three years after the encounter without further incident, undermining his claim of a well-founded fear of future persecution. *See Lata v. INS,* 204 F.3d 1241, 1245 (9th Cir.2000).

Because Martinez–Lopez failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

Martinez–Lopez also failed to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to El Salvador. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.